# CIVIL ACTION NO. 10-376

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OCTAVIANO BONILLA, INDIVIDUALLY AND BELEN BONILLA, INDIVIDUALLY | § § § § | |
| Plaintiffs | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| LEE INDUSTRIES, INC. AND PROCESS SYSTEMS & EQUIPMENT DIVISION OF LEE INDUSTRIES | § § § § § | |
| Defendants | § | JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, Octaviano Bonilla, Individually, and Belen Bonilla, Individually, Plaintiffs herein, and files their Original Complaint naming as Defendants Lee Industries, Inc. and Process Systems & Equipment Division of Lee Industries, and for their causes of action, would show the Court as follows:

### I. JURISDICTION

1. The Court has jurisdiction over this cause of action because this is a cause of action between Plaintiffs, citizens of Texas, and foreign defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(2).

### II. PARTIES

2. Octaviano Bonilla, brings suit herein individually, and is an individual residing in El Paso County, Texas.

3.       Belen Bonilla brings suit herein individually, and is an individual living in El Paso, El Paso County, Texas.

4.       Defendant Lee Industries, Inc., (hereinafter "Lee Industries") is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times pertinent to this Complaint, Defendant Lee Industries was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling commercial kettles.  Defendant Lee Industries transacts business in this State, either alone and/or by and through its subsidiaries, and derives substantial revenues from business in the State of Texas and may be served with service of process through its registered office address, Robert W. Montler, President, Lee Industries, Inc., 514 West Pine Street, Philipsburg, PA 16866-14.

5.       Defendant Process Systems & Equipment, Division of Lee Industries, Inc., (herein after "Process Systems & Equipment") is a Pennsylvania corporation with its principal place of business in Pennsylvania.  At all times pertinent to this Complaint, Defendant Process Systems & Equipment was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling commercial kettles.  Defendant Process Systems & Equipment transacts business in this State, either alone and/or by and through its subsidiaries, and derives substantial revenues from business in the State of Texas and may be served with service of process through its registered office address, Robert W. Montler, President, Lee Industries, Inc., 514 West Pine Street, Philipsburg, PA 16866-14.

### III. VENUE

6.       This civil action is founded upon diversity of citizenship.

7. Venue is proper in the Western District of Texas because Defendant Lee Industries is deemed to reside in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(a)(1), (c).

8. Defendant Lee Industries' contacts with the State of Texas are continuous and systematic, such that the Court has general personal jurisdiction over the Defendant.

9. Commercial kettles manufactured by Defendant Lee Industries are routinely sold in Texas.

10. Defendant Lee Industries purposefully markets and sells their commercial kettles throughout Texas.

11. Accordingly, Defendant Lee Industries has purposefully availed itself of the privileges and benefits of conducting business in Texas.

12. Defendant Lee Industries' alleged liability in this case arises from or is related to the sale, distribution, and/or use of its commercial kettles in Texas. The Court's exercise of personal jurisdiction over Defendant Lee Industries comports with due process.

13. Defendant Lee Industries is an alien, and thus may be sued in any judicial district pursuant to 28 U.S.C. §1391 (d).

14. Venue is proper in the Western District of Texas because Defendant Process Systems & Equipment is deemed to reside in the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1391(a)(1), (c).

15. Defendant's contacts with the State of Texas are continuous and systematic, such that the Court has general personal jurisdiction over the Defendant.

16. Commercial kettles manufactured by Defendant Process Systems & Equipment are routinely sold in Texas.

17. Defendant Process Systems & Equipment purposefully markets and sells their commercial kettles throughout Texas.

18. Accordingly, Defendant Process Systems & Equipment has purposefully availed itself of the privileges and benefits of conducting business in Texas.

19. Defendant Process Systems & Equipment's alleged liability in this case arises from or is related to the sale, distribution, and/or use of its commercial kettles in Texas. The Court's exercise of personal jurisdiction over Process Systems & Equipment comports with due process.

20. Defendant Process Systems & Equipment is an alien, and thus may be sued in any judicial district pursuant to 28 U.S.C. §1391 (d).

## IV. FACTS

21. On or about June 20, 2010, Plaintiff Octaviano Bonilla was working at the Bruce Foods located at 8000 Ashley Road, El Paso, TX 79934 when suddenly and without warning a pressurized commercial kettle cooker he was working around exploded causing the heated contents to cover his body. The subject commercial kettle was designed, manufactured, marketed and sold by Lee Industries and/or Process System & Equipment.

22. As a direct and proximate result of Lee Industries and/or Process Systems & Equipment's defective design of the bolts, or the bolt system used to close the kettle, the commercial kettle caused the severe injuries of Octaviano Bonilla. Moreover, Lee Industries and/or Process Systems & Equipment did not

warn Octaviano Bonilla, or his wife, Belen Bonilla that the commercial kettle in question was defective in regards to the defective or inferior bolts used to close the kettle unit along with a bad design of the bolt structure.

23. The commercial kettle's defective design, defective manufacture and marketing defects made the basis of this lawsuit were a producing cause of the accident made the basis of this lawsuit.

24. The commercial kettle's defective design, defective manufacture and marketing defects made the basis of this lawsuit was a producing cause of the severe injuries of Octaviano Bonilla and damages of Belen Bonilla.

25. The commercial kettle's defective design, defective manufacture and marketing defects made the basis of this lawsuit were a proximate cause of the accident made the basis of this lawsuit.

26. The commercial kettle's defective design, defective manufacture and marketing defects made the basis of this lawsuit was a proximate cause of the severe injuries of Octaviano Bonilla and damages of Belen Bonilla.

### V. CAUSE OF ACTION
### STRICT PRODUCT LIABILITY AGAINST DEFENDANTS
### LEE INDUSTRIES AND PROCESS SYSTEMS & EQUIPMENT

27. At all times material hereto, Defendants were in the business of designing, manufacturing and marketing commercial kettles, including kettles such as the subject pressurized kettle cooker, and did design, manufacture and market the subject kettle. Defendants are thus the manufacturers and sellers of the subject kettle and are liable under the doctrine of strict product liability in tort for injuries produced by defects in the subject kettle.

28. The subject commercial kettle which caused injuries, suffering, to the Plaintiffs was defectively designed, manufactured and marketed by Defendants and unreasonably dangerous, defective, and otherwise unsafe for its intended purpose at the time it left the control of the Defendants and at the time it was sold. Such defects were a producing and proximate cause of the accident and the injuries of, and suffering of Octaviano Bonilla, and of all of the Plaintiffs' injuries and damages.

29. Moreover, safer alternative designs existed at the time the product was manufactured. The safer alternative designs would have prevented or significantly reduced the risk of the accident and the Plaintiffs' injuries and damages, without substantially impairing the product's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the product left the control of the Defendants by the application of existing and reasonably achievable scientific knowledge.

30. At the time of the accident, the commercial kettle and its components were in substantially the same condition as it was at the time it left control of the Defendants.

31. Plaintiffs more specifically plead their claim of design defects regarding the commercial kettle including defective or inferior bolts, and poor design of the bolt structure.

32. Plaintiffs more specifically plead their claim of marketing defect regarding the commercial kettle because Defendants failed to properly warn of known defects in the commercial kettle regarding the defective bolts and/or bolt

structure. Moreover, Defendants marketed the commercial kettle as a safe commercial kettle failing to warn of dangers known by Defendants.

## VI. NEGLIGENCE OF DEFENDANTS LEE INDUSTRIES AND PROCESS SYSTEMS & EQUIPMENT

33. Defendants committed unreasonable acts of omission and commission, which, collectively and severally, constitute negligence. Such negligence was a proximate cause of the accident and injuries of, and suffering and death of Octaviano Bonilla, and of all of the Plaintiffs' injuries and damages.

## VII. PLAINTIFFS' DAMAGES

34. As a producing, direct and proximate result of the accident, severe injuries of Octaviano Bonilla, which Defendants are jointly and severally liable, Plaintiffs Octaviano Bonilla, individually and Belen Bonilla, individually, seek and are entitled to the following damages:

a. *Personal Injury Damages*

   1. physical pain and mental anguish in the past and future;
   2. loss of earning capacity in the past and future;
   3. loss of wages and earnings in the past and future;
   4. disfigurement in the past and future;
   5. physical impairment in the past and future;
   6. medical care in the past and future;
   7. Loss of household services sustained in the past and future;
   8. Loss of consortium sustained in the past and future; and
   9. all other damages allowed by law and equity.

35. The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

### VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

36. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

37. The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

### IX. JURY DEMAND

38. Plaintiffs timely request a trial by jury and have tendered the appropriate fee.

### PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from each Defendant for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs of court, sanctions and penalties for spoliation of evidence, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ Craig M. Sico
Craig M. Sico
State Bar No. 18339850
Federal I.D. No. 13540
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua
Suite 900 Frost Bank Plaza
Corpus Christi, TX 78401
Telephone: (361) 653-3300
Facsimile: (361) 653-3333

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:
David E. Harris
State Bar No. 24049273
Federal I.D. No. 712461
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua
Suite 900 Frost Bank Plaza
Corpus Christi, TX 78401
Telephone: (361) 653-3300
Facsimile: (361) 653-3333

Jaime Alvarado
Law Offices of Jaime Alvarado
14190 Horizon Blvd.
El Paso, TX 79928
Telephone: 915-852-0500
Facsimile: 915-852-0503